1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

ADAM BINGHAM,

9

        Plaintiff,

10

vs.

11

SHAVER TRANSPORTATION COMPANY, IN PERSONAM; THE M/V VANCOUVER,

12

OFFICIAL NUMBER 990262, HER ENGINES, MACHINERY,

13

APPURTENANCES AND CARGO, IN REM;

14

        Defendants.

Case No:

AT LAW AND AT ADMIRALTY

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916**

15
16
17

        COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

18
19
20

        1.      Plaintiff, Adam Bingham brings and maintains this action pursuant to 28 U.S.C. § 1333; 46 U.S.C. §§ 30103, 30104 – the Jones Act, U.S. Const. Art. III, sec. 2, and the general maritime law.

21

        2.      Plaintiff is a resident of the State of Washington.

22
23

        3.      Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 1
CASE NO.

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington  98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

4.     Defendant herein, Shaver Transportation Company is a corporation existing under and by virtue of the laws of a state or states unknown to plaintiff and at all times herein mentioned was acting by and through its officers, agents, servants, employees and representatives, and has a principal place of business or is doing business in the Western District of Washington.

5.     The M/V Vancouver is a tugboat documented by the United States, official number 990262.  Said vessel has her home port in the Western District of Washington or will be found in the Western District of Washington during the pendency of this action.  During all times herein mentioned said vessel was owned or bareboat chartered by the defendants and was engaged in maritime commerce.

6.     At all times herein mentioned, plaintiff was employed by the defendants as a member of the crew, in the service of said vessel and was at all times acting within the course and scope of his duties as deckhand in furtherance of the mission of said vessel.

7.     On or about August 23, 2019, the tub M/V Vancouver was assisting the naval vessel USNS WALLY SCHIRRA with mooring.  The deck gang aboard the SCHIRRA dropped a mooring line down to the tugboat.  The mooring line hit plaintiff, knocking him to the deck.  Plaintiff's hardhat came off during the incident, causing his head to hit by a shackle in the mooring line.. Plaintiff suffers tinnitus, anxiety, depression, post-traumatic stress disorder and other symptoms as a result of this injury.  Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

8.     Said injuries, disabilities, and damages were directly and proximately caused by the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendants and their agents, servants and employees; and the failure of the defendants to provide a reasonably safe

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR
PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND
CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 2
CASE NO.

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington  98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

1   place to work, in one or more of the following respects:  An improper hardhat that came off due

2   to the lack of a chin strap; poor supervision and lack of training; directing plaintiff to stand in a

3   dangerous location; poor communication and coordination between he master of the tug

4   Vancouver and the deck gang aboard the USNS WALLY SCHIRRA.

5          9.     As a direct and proximate result of the foregoing, plaintiff was caused to and did

6   incur reasonable charges for medical care and attention.  Plaintiff does not know the reasonable

7   value of said medical care and attention already rendered or to be rendered in the future and

8   therefore prays leave to amend this complaint to show the same.

9          10.    As a further result of the foregoing, plaintiff was rendered unable to engage in his

10  normal and usual occupation from August 23, 2019 to date.  Plaintiff may later be unable to

11  engage in his normal and usual occupation and prays leave to amend this complaint to allege the

12  full extent of said loss when the same is ascertained.

13         11.    Plaintiff demands maintenance from the defendants in a per diem amount to

14  recuperate on land with room and board at least equal to that received on defendant's vessel,

15  until the plaintiff reaches maximum cure or until the plaintiff is declared fit for duty, whichever

16  last occurs.  Plaintiff further demands the actual cost of cure until the plaintiff fully cured, and if

17  never cured, plaintiff demands the cost of cure for the remainder of plaintiff's natural life.

18         12.    Eighty-nine (89) days following the filing of this action, plaintiff waives the

19  physician-patient privilege, under protest, and only on condition that the Court holds that a

20  waiver is required in this case.  This waiver is made pursuant to RCW 5.60.060(4)(b), as

21  amended by Chapter 305, Laws of 1986; as limited by the civil discovery rules.  Specifically,

22  plaintiff authorizes no ex parte contacts or inquiry to medical personnel regarding matters not

23  reasonably calculated to lead to the discovery of admissible evidence.  This waiver is made

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR
PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND
CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 3
CASE NO.

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington  98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

subject to plaintiff's challenge to the constitutionality of RCW 5.60.060(4)(b) on privacy

grounds, and the applicability of said statute to federal causes of action brought in federal court.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1.      For a declaration that the plaintiff holds claim to a preferred maritime lien against the defendant vessel, her engines, machinery, appurtenances and cargo;

2.      For arrest, condemnation and sale of the defendant vessel including her engines, machinery, appurtenances and cargo;

3.      For general damages, including damages for loss of consortium, as are reasonable and fair;

4.      For such special damages, including found, as may be shown by the proofs herein;

5.      For maintenance and cure and, if not timely paid, for consequential and punitive damages for failure to pay same;

6.      For unearned wages and double wage penalties;

7.      For pre-judgment interest on all claims as is in the law provided;

8.      For costs of suit and reasonable attorney fees;

9.      For such other and further relief, including punitive damages, as is met and just in the circumstances.

Dated this 15th day of April, 2022.

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR**
**PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND**
**CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 4**
**CASE NO.**

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington  98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

1                              GORDON WEBB AND JOHN MERRIAM d/b/a
                                 SEATTLE MARITIME ATTORNEYS AS
2                              ATTORNEYS FOR PLAINTIFF

3                              By: _*/s/ John W. Merriam*_____

4                              John W. Merriam, WSBA #12749
                             4005 20th Avenue West, Suite 110
5                              Seattle, WA   98199
                             Telephone:  (206) 729-5252
6                              Fax:  (206) 729-1012
                             Email:  john@merriam-maritimelaw.com
7                              *Attorney for Plaintiff*

8        I am the attorney for the plaintiff in this action and have knowledge of the matters

9 asserted in the above complaint based upon information provided by the plaintiff.

10        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations of the

11 above complaint are true and correct to the best of my knowledge and belief.

12

13        DATED at Seattle, Washington this 15th day of April, 2022.

14

15                          *__/s/ John W. Merriam_____*
                          John W. Merriam

16

17

18

19

20

21

22

23

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR
PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND
CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 5
CASE NO.

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington  98199**
**T (206) 729-5252 ♦ F (206) 729-1012**