UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADAM BINGHAM,<br><br>       Plaintiff,<br>  v.<br><br>SHAVER TRANSPORTATION CO. et al,,<br><br>       Defendants.<br><br>SHAVER TRANSPORTATION CO. et al,<br><br>       Third-Party Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>       Third-Party Defendant. | CASE NO. 3:22-cv-05253-DGE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 20) |

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 20) - 1

# I   INTRODUCTION

This matter comes before the Court on Defendant and Third-Party Plaintiff Shaver Transportation Company's ("Shaver") motion for partial summary judgment (Dkt. No. 20). For the reasons articulated herein, the Court DENIES Defendant's partial motion for summary judgment as there exists a genuine dispute of material fact that precludes summary judgment.

# II   BACKGROUND

On August 23, 2019, Plaintiff Adam Bingham was injured while serving as a seaman aboard the M/V Vancouver while it assisted a U.S. naval vessel. (Dkt. No. 1 at 2). It is undisputed that Plaintiff suffered certain injuries such as tinnitus because of this incident. (Dkt. No. 20 at 3.) Plaintiff also sought mental health treatment from CBT California starting in mid-2021 to address post-traumatic stress disorder ("PTSD") that allegedly resulted from the incident. (Dkt. No. 21 at 3.) On April 15, 2022, Plaintiff filed suit against Defendant Shaver seeking various damages as a result of the incident, in addition to maintenance and cure. (Dkt. No. 1 at 4.) On September 23, 2022, Defendant Shaver filed a motion for partial summary judgment on Plaintiff's claim for maintenance and cure. (Dkt. No. 20.) Plaintiff filed their opposition to Defendant's summary judgment motion on October 17, 2022. (Dkt. No. 26.) And Defendant filed their reply to Plaintiff's opposition on October 21, 2022. (Dkt. No. 29.)

# III   DISCUSSION

### A. Legal Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case

on which the nonmoving party has the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that the non-moving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); s*ee also* Fed. R. Civ. P. 56(e).

"The deciding court must view the evidence, including all reasonable inferences, in favor of the non-moving party." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017). Additionally, the moving party may meet their summary judgment burden by establishing through argument that the non-movant has failed to offer any evidence in support of their claims. *Garnica v. Washington Dep't of Corr.*, 965 F. Supp. 2d 1250, 1263 (W.D. Wash. 2013), *aff'd*, 639 F. App'x 484 (9th Cir. 2016); *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000); Fed. R. Civ. P. 56(e)(3).

Admiralty law, in contrast to the Federal Rules governing summary judgment, aims "'to do justice with slight regard to formal matters.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 538 (9th Cir. 2018) (quoting *Cont'l Grain Co. v. The Barge FBL–585*, 364 U.S. 19, 25 (1960)). In weighing this tension between admiralty law and the Federal Rules governing summary judgment, the Ninth Circuit concluded that:

> the two standards are not incompatible. Although it is ordinarily difficult for a plaintiff to prevail on a motion for summary judgment, the seaman seeking maintenance has an easier task as a result of the breadth of the shipowner's duty.

To establish his entitlement to maintenance, the seaman need only prove that he "bec[ame] ill or . . . injured while in the service of the ship." *Barnes*, 889 F.3d at 538. The Ninth Circuit has not directly addressed whether this same approach applies where a defendant shipowner moves for summary judgment as to a seaman's claims for maintenance and cure on a "no evidence" motion. However, what is clear is that the bar is low for a seaman to establish maintenance and cure because "the liberal admiralty policies and correspondingly rudimentary elements of a maintenance claim mean that, in practice, a seaman will have little difficulty demonstrating his entitlement to maintenance under a summary judgment standard." *Id*. at 538–539. Considering that *Barnes* speaks broadly of the compatibility between admiralty and summary judgment, *see id.* at 539, the Court finds that Plaintiff need only establish that they suffered an injury while in service of a ship to satisfy their burden on a "no evidence" motion. The burden then shifts back to Defendant to prove that no such injury exists, or that continued cure is not warranted. *See id.* (referencing the burden shifting approaches in the disparate impact context as a model for maintenance and cure cases).

**B. Plaintiff has Established their Initial Entitlement to Maintenance and Cure**

Plaintiff has met their initial burden to establish their entitlement to maintenance and cure as the record shows that Plaintiff's PTSD stemmed from their service on the M/V Vancouver.

Defendant argues that Plaintiff has failed to offer sufficient evidence to prevail on their claims for maintenance and cure. (Dkt. No. 29 at 2–3.) Specifically, Defendant argues that Plaintiff has offered no evidence indicating that he currently suffers from PTSD that stemmed from his service as a seaman with the Defendant. (Dkt. No. 20 at 8–9.)

As a preliminary matter, the Court finds that it cannot consider Plaintiff's Exhibit A in its opposition to Defendant's motion for summary judgment (Dkt. No. 28) because Plaintiff has thus far failed to produce this document in discovery. Defendant has alleged, and there is no evidence

to indicate to the contrary, that Exhibit A has not been produced in discovery and would be responsive to their requests for production.  (Dkt. No. 29 at 3.)  Though the deadline for discovery has not yet passed, Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).  Federal Rule of Civil Procedure 26(e) requires a party who has responded to a request for production to supplement their disclosures where they learn or become aware of additional responsive information.  Fed. R. Civ. P. 26(e).  Plaintiff has offered no justification for why this information was not produced and the Court finds that the inclusion of this information is not harmless since it tends to contradict Defendant's argument that Plaintiff has reached maximum cure.  As such, the Court will not consider Exhibit A.

Nonetheless, we find that Plaintiff has offered sufficient evidence to meet his burden to establish that he currently suffers from PTSD.  Though the Court may not credit Exhibit A, Plaintiff's medical records indicate that he was diagnosed with PTSD and that this PTSD stemmed from an accident while working as a seaman for Defendant.  (Dkt. No. 21 at 71, 74.)  While Plaintiff's symptoms had improved as of May 2022, Plaintiff's therapist does not state that Plaintiff no longer suffered from PTSD.  Rather, Plaintiff's therapist merely reported that Plaintiff suffered a "decrease in PTSD symptoms."  (Dkt. No. 21 at 74.)  As such, and construing the evidence in favor of Plaintiff, we find that Plaintiff has offered sufficient evidence to establish his initial entitlement to maintenance and cure.

    **C. There is a Genuine, Material Dispute of Fact over Whether Plaintiff's PTSD has Reached Maximum Cure**

Defendant has failed to meet their burden to establish that Plaintiff has reached maximum cure and thus is no longer entitled to maintenance and cure.

Maintenance and cure are ancient remedies that obligate a shipowner to provide care for a seaman who is injured during the course of their employment. *See Kopczynski v. The Jacqueline*, 742 F.2d 555, 559 (9th Cir. 1984). "The term refers to 'the provision of, or payment for, food and lodging (maintenance) as well as any necessary health-care expenses (cure) incurred during the period of recovery from an injury or malady.'" *Ferrara v. A. & V. Fishing, Inc.*, 99 F.3d 449, 454 (1st Cir. 1996) (quoting *LeBlanc v. B.G.T. Corp.*, 992 F.2d 394, 396 (1st Cir.1993)) (internal quotation marks omitted). A shipowner must provide maintenance and cure until "the seaman reaches 'maximum cure'—a recovery as complete as the injury allows." *Ward v. EHW Constructors*, No. C15-5338 BHS, 2016 WL 6198626, at *2 (W.D. Wash. Oct. 24, 2016). On summary judgment, "the shipowner bears the burden of proving that . . . [maximum cure] has been reached, by way of opinion from the seaman's treating physicians." *G&J Fisheries, Inc. v. Amaral*, No. CV 1:18-12468-LTS, 2020 WL 6940112, at *6 (D. Mass. Oct. 15, 2020); *see also Vitco v. Joncich*, 130 F. Supp. 945, 949 (S.D. Cal. 1955). "[I]t is the medical, not the judicial, determination of 'maximum medical improvement' that terminates the right to maintenance and cure." *Boyden v. Am. Seafoods Co.*, No. C99-1420R, 2000 WL 33179294, at *1 (W.D. Wash. Mar. 21, 2000).

Defendant argues that, if Plaintiff did suffer from PTSD, Plaintiff reached maximum cure and as such Defendant is no longer obliged to pay for Plaintiff's medical care. (Dkt. No. 20 at 10–14.) According to Defendant, Plaintiff's medical records unambiguously establish that Plaintiff had reached maximum cure as of May 2022. (Dkt. No. 29 at 3.) To support this claim, Defendant points to a May 16, 2022, treatment record for Plaintiff from his therapist (Dkt. No.

21 at 44) and a May 19, 2022, communication from Plaintiff's therapist to Plaintiff regarding his treatment status (*see* Dkt. No. 21 at 74).  The May 19, 2022, treatment summary provides that Plaintiff's PCL-5 score, a measure of PTSD symptoms, had decreased to 26 on May 11, 2022, from a high of 50 on February 22, 2022.  (*Id.*)  According to Plaintiff's therapist, a PCL-5 score of 31 or higher is indicative of PTSD.  (*Id.* at 71.)

The evidence put forward by Defendant does not establish that maximum cure has been reached.  Contrary to Defendant's assertions, Plaintiff's therapist did not determine either that Plaintiff was cured of his PTSD or that further treatment would not be curative.  (*Id.* at 74.)  While Plaintiff's self-diagnosis on May 11, 2022, indicated that his symptoms fell below standards indicative of PTSD, Plaintiff's therapist specifically noted in their treatment summary that continued therapy "would be helpful" and that, in their professional judgment, "there is a relationship between [Plaintiff's future behavioral targets for treatment] and your 2019 accident." (*Id.*)  Plaintiff makes this same point in their opposition briefing.  (Dkt. No. 26 at 2.)

To further support their argument, Defendant draws analogies to *Whitman v. Miles*, 387 F.3d 68 (1st Cir. 2004).  In *Whitman*, the First Circuit upheld the decision of a trial court that found that an injured seaman's multiple sclerosis ("MS") was incurable, and any further treatment would not improve the underlying illness, terminating the shipowner's obligation to provide maintenance and cure.  *Id.* at 73.  The Court also considered whether the seaman's depression, which stemmed from her MS, entitled her to maintenance and cure.  *Id.* at 74.  The Court upheld the finding of the trial court that the seaman was not entitled to maintenance and cure for her depression, in part because plaintiff had not provided any evidence that her depression was a distinct ailment stemming from service on her ship.  *Id.*  Plaintiff's analogy to *Whitman* is inapposite.  Here, in contrast to *Whitman*, there is evidence that Plaintiff's PTSD is a

distinct ailment from his tinnitus and post-concussion syndrome. (*See* Dkt. No. 21 at 59) (noting that Plaintiff's PTSD has "endured since the accident (approx. 2 years)").

Moreover, though palliative care is not included in maintenance and cure, the fact that a condition may be long-lasting does not mean that maintenance and cure may be terminated. *See Matter of B & C Seafood LLC*, No. CV 18-1560 (RBK/JS), 2020 WL 549406, at *3 (D.N.J. Feb. 4, 2020). "[T]he key issue is whether continued treatment will be truly 'curative,' meaning that it will improve the seaman's condition, or merely palliative, meaning that it will only alleviate the seaman's symptoms without addressing the underlying condition." *Id*. It is uncertain based on the evidence in the record whether Plaintiff's PTSD is either permanent or that continued treatment will be curative rather than palliative. Since both parties dispute the findings of Plaintiff's therapist, the therapist's notes are uncertain, and this dispute is material to the outcome of Plaintiff's claim for maintenance and cure, the Court cannot find at this time that summary judgment is warranted.

## IV     CONCLUSION

Accordingly, and having considered Defendant's motion (Dkt. No. 20), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's motion for summary judgment is DENIED.

Dated this 23rd day of November, 2022.



David G. Estudillo
United States District Judge