UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADAM BINGHAM,<br><br>            Plaintiff,<br><br>v.<br><br>SHAVER TRANSPORTATION COMPANY, in personam; THE TUG VANCOUVER, OFFICIAL NUMBER 990262, her engines, machinery, appurtenances and cargo, in rem,<br><br>            Defendants.<br><br>SHAVER TRANSPORTATION COMPANY, in personam; THE TUG VANCOUVER, OFFICIAL NUMBER 990262, her engines, machinery, appurtenances and cargo, in rem,<br><br>            Third-Party Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>            Third-Party Defendant, | CASE NO. 3:22-cv-05253-DGE<br><br>ORDER GRANTING THE UNITED STATES' MOTIONS TO DISMISS (DKT. NOS. 17, 36) |

# I INTRODUCTION

This matter is before the Court on Third-Party Defendant United States of America's motions to dismiss Third-Party Plaintiff Shaver Transportation Company's ("Shaver") claims. for failure to state a claim and for lack of subject matter jurisdiction. (Dkt. Nos. 17, 36.) For the reasons herein, the Court GRANTS the United States' motions.

# II BACKGROUND

The Court has previously discussed the procedural background of this case and incorporates this prior discussion by reference. (Dkt. No. 39 at 2.) The timeline behind the underlying incident giving rise to this matter is of particular importance in deciding the United States' motions.

Plaintiff Adam Bingham alleges that on August 23, 2019, he was injured while working aboard the M/V Vancouver as the ship assisted the USNS Wally Schirra. (Dkt. No. 1 at 2.) Bingham filed his complaint against Shaver on April 15, 2022—two years and eight months after the incident which caused his injury—seeking damages for negligence and for maintenance and cure. (*See id.* at 3–5.) Shaver filed a third-party complaint against the United States on June 29, 2022. (Dkt. No. 8.) The third-party complaint included claims for contribution, indemnity, and for tender pursuant to Federal Rule of Civil Procedure 14(C). (*Id.* at 5–6.)

On September 16, 2022, the United States moved to partially dismiss Shaver's Rule 14(C) tender claim for failure to state a claim. (Dkt. No. 17.) The United States subsequently filed an additional motion to dismiss Shaver's claims for contribution and indemnity for lack of subject matter jurisdiction. (Dkt. No. 36.) Shaver filed timely responses to the United States' motions. (Dkt. Nos. 24, 41.) Shaver took "no position as to the Court's order on the

Government's motion" to dismiss Shaver's Rule 14(C) claim  (Dkt. No. 24 at 2) but opposed the United States' other motion.

### III       DISCUSSION

**A.  Legal Standard**

Federal courts are "courts of limited jurisdiction."  5B ARTHUR R. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE § 1350 (3d ed. 2022).  "A federal court is presumed to lack subject matter jurisdiction until [a] plaintiff establishes otherwise." *Harborview Fellowship v. Inslee*, 521 F. Supp. 3d 1040, 1046 (W.D. Wash. 2021); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements.").  Sovereign immunity is "a question of subject matter jurisdiction" and may be raised at any point in the proceedings.  *United States v. Nye Cnty., Nev.*, 178 F.3d 1080, 1089 (9th Cir. 1999).

A  party moving pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the opposing party's complaint for lack of subject matter jurisdiction can either attack the sufficiency of the pleadings on their face (a "facial attack") or may present affidavits or other evidence that contest the truth of the allegations in the pleadings. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)**.**  Where the moving party does not present affidavits or other evidence challenging a plaintiff's factual allegations (e.g., a "factual attack"), the court must accept all factual allegations in the complaint as true and must construe the pleadings in the non-moving party's favor.  *See id.*  The United States does not present affidavits contesting the

allegations in the complaint.[1]  The Court thus presumes the allegations in Shaver's third-party complaint to be true and draws reasonable inferences in their favor.  *Id.*

### B. Federal Rule of Civil Procedure 14(c) Tender

The United States moves to dismiss Shaver's Rule 14(C) tender claim, arguing the claim is barred by the Suits in Admiralty Act's ("SAA") two-year statute of limitations.[2]  *See* 46 U.S.C § 30905 ("A civil action under this chapter must be brought within 2 years after the cause of action arose.").

Federal Rule of Civil Procedure 14(C) provides that:

> 1)   Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), **the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable**—either to the plaintiff or to the third-party plaintiff— for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

---

[1] The United States has submitted a declaration aimed at rebutting allegations made in Shaver's response to the United States' summary judgment motion.  (*See* Dkt. Nos. 42-1–42-3.)  These affidavits do not seek to rebut any allegations in Shaver's complaint and are not dispositive to the motion at issue.  The Court declines to consider them in deciding this motion.

[2] In their third-party complaint, Shaver asserted that the United States waived sovereign immunity pursuant to either the SAA or the Federal Tort Claims Act ("FTCA").  As the United States points out, the FTCA explicitly does not apply to claims "for which a remedy is provided" pursuant to the Public Vessels Act ("PVA"), 46 U.S.C. §§ 31101 *et seq*, or the SAA that relate "to claims or suits in admiralty against the United States."  *See* 28 U.S.C. § 2680(d).  The Court is convinced, and no party seriously disputes, that the injury to Bingham occurred at sea while he was employed as a seaman and Shaver's claims against the United States sound in admiralty.  *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

The Court also agrees that the PVA is the operative statute because the injury at issue in this case was allegedly "caused by a public vessel of the United States." 46 U.S.C. § 31102.  Nonetheless, "the PVA makes all claims subject to the [SAA], including its statute of limitations and its exclusivity provision, except to the extent to which the two are inconsistent."  *Ali v. Rogers*, 780 F.3d 1229, 1234 (9th Cir. 2015).  And the Court does not find any inconsistencies between the two statutes that are relevant to the issue of sovereign immunity before the Court since the PVA does not specify a different statute of limitations for claims under the act. *See Ali*, 780 F.3d at 124.  The Court thus focuses on analyses of liability under the SAA.

> 2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. **In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim**; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(C) (emphasis added). Neither Bingham nor Shaver oppose the United States' motion to dismiss Shaver's Rule 14(C) tender. (*See generally* Dkt. Nos. 23, 24). Indeed, Bingham explicitly concedes that "Mr. Bingham's prior attorney missed the two-year statutory deadline for bringing an action against the government." (Dkt. No. 23 at 2.)

Bingham was injured on August 23, 2019. (Dkt. No. 1 at 2.) He filed suit against Shaver on April 15, 2022. (Dkt. No. 1.) Because the incident in which Bingham was injured occurred more than two years prior to the filing of his lawsuit against Shaver, Shaver may not tender the claim(s) to the United States under Rule 14(C). The statute of limitations has run, and this Court does not have jurisdiction over such a claim. *See T.J. Falgout Boats, Inc. v. United States*, 361 F. Supp. 838, 840 (C.D. Cal. 1972), *aff'd*, 508 F.2d 855 (9th Cir. 1974) ("The raising of the bar of the statute of limitations by a failure to commence the action within two years goes to jurisdiction and can't be tolled or waived.").

As such, the Court DISMISSES Shaver's Rule 14(C) tender claim with prejudice.

C. **Indemnity and Contribution Claims**

The United States also moves to dismiss Shaver's indemnification and contribution claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 36.)

The United States argues that because Bingham cannot hold the United States directly liable for his negligence or maintenance and cure claims, Shaver is precluded from seeking indemnification and contribution. (*See* Dkt. No. 36 at 5–7.) Shaver does not directly address

this argument in its response, noting only that "Shaver's claims against the Government are timely regardless of how the SIAA statute of limitations affects Bingham's claim." (Dkt. No. 41 at 6.)

It is commonly established in admiralty law that "the maritime law right to contribution among joint tortfeasors in non-collision cases rests on a finding of concurrent responsibility. Where . . . the party against whom contribution is sought cannot be held liable to the plaintiff, the basis for mutual responsibility, and thus for contribution, disappears." *In re McAllister Towing & Transp. Co., Inc.*, 432 F.3d 216, 224 (3d Cir. 2005) (internal citation omitted); *see also Pastore v. Taiyo Gyogyo, K.K.*, 571 F.2d 777, 784 (3d Cir. 1978) ("[S]ince the plaintiff was unable to proceed directly against his employer, it may not be held liable for contribution as a joint tortfeasor under the rule established in *Halcyon Lines*."); Thomas J. Schoenbaum, 2 Admiralty & Mar. Law § 6:19 (6th ed. 2022) ("There can be no contribution against a defendant who is immune against a direct suit by the plaintiff.").

Similar principles apply for matters of indemnity. *See California Home Brands, Inc. v. Ferreira*, 871 F.2d 830, 834 (9th Cir. 1989) ("indemnification is not available unless the indemnitor could be held directly liable to the person injured."); *see also United Air Lines, Inc. v. Wiener*, 335 F.2d 379, 404 (9th Cir. 1964) (holding that defendant's claim for indemnity against the United States failed because there was "no underlying liability on the part of the government.").

Here, the parties do not dispute that Bingham cannot directly sue the United States to recover for either maintenance and cure or negligence because the statute of limitations has run. Case law in this Circuit is clear that "[t]he obligation of a vessel to provide maintenance and cure to an injured seaman derives from the employment relationship . . . [and] [t]he obligation of the

vessel begins at the time of the injury, not when a judgment is rendered in court." *H-10 Water Taxi Co. v. United States*, 379 F.2d 963, 964 (9th Cir. 1967). The Supreme Court has similarly construed the SAA's "cause of action" language to provide that "the period of limitation is to be computed from the date of the injury" in the context of a suit by an injured seaman claiming negligence and seeking maintenance and cure. *McMahon v. United States*, 342 U.S. 25, 27 (1951). Thus, a cause of action for negligence also arises at the time of injury and Bingham cannot bring such a claim against the United States because the statue of limitations has expired.

Given that Bingham may not sue the United States directly for his injuries, the Court finds it does not have jurisdiction to hear Shaver's indemnification and contribution claims because such claims are restricted by Bingham's rights against the United States. As such, the Court DISMISSES these claims with prejudice.

### IV   CONCLUSION

Accordingly, and having considered the United States' motions (Dkt. Nos. 17, 36), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that the United States' motions are GRANTED.

1. Shaver's claims against the United States are dismissed with prejudice.

Dated this 20th day of December, 2022.

David G. Estudillo
United States District Judge